762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BILLY D. LIPFORD, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5360
 United States Court of Appeals, Sixth Circuit.
 3/29/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: KENNEDY and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Lipford appeals from a district court judgment denying both social security disability and supplemental security income benefits. For the reasons stated below, we affirm.
 
 
 2
 Lipford, who last met the earnings requirements on December 31, 1978, currently is forty-five years old, has a marginal education, see 20 C.F.R. Sec. 404.1464(b)(2), and has work experience as a mason's helper. Lipford last performed this heavy unskilled work in 1973. He testified at the administrative hearing that he is nervous, has dizzy spells, does not drive and does nothing around the house.
 
 
 3
 The medical evidence shows that Lipford suffered a job-related knee injury in 1973 that resulted in the insertion of surgical pins. In February 1982, Lipford was hospitalized under the care of Doctor Norris after complaining primarily about dizziness and gastritis. An EKG was normal, as were head and chest x-rays. Although the earlier knee fracture had healed, there was mild joint space narrowing in the knee with arthritic changes of either a degenerative or post-traumatic nature. Prescriptions were ordered for dizziness and pain. Dr. Norris also diagnosed gastritis of unspecified origin. Lipford was discharged in improved condition and without complications. A subsequent report by Dr. Norris dated May 28, 1982 confirmed the prior diagnosis and added that Lipford suffered from hypertensive cardiovascular disease.
 
 
 4
 Dr. Donald Hiers, a clinical psychologist, examined Lipford on November 16, 1982. On the Wechsler Adult Intelligence Scale (WAIS), Lipford recorded a verbal scale I.Q. of 60, a performance scale I.Q. of 54 and a full scale I.Q. of 52. Dr. Hiers noted, however, that Lipford 'appeared relatively unmotivated and unconcerned about participation in the testing experience' (app. at 131). Lipford 'was generally very quick to say 'I don't know' to most test questions. Motivation was quite low for test validation purposes' (app. at 130). Lipford also cooperated only grudgingly in various drawing tests (e.g., Bender Gestault, house, tree and person).
 
 
 5
 Dr. Hiers concluded that Lipford's 'intellectual potential lies higher within the mentally retarded range of intelligence' and that his ability to perform simple or repetitive tasks was unimpaired. As to Lipford's employment prospects, Hiers stated (app. at 132):
 
 
 6
 The claimant does have the ability to understand simple job related instructions but may need frequent, initial repetitions. He is able to carry out instructions under ordinary supervision on his level of intellectual functioning. He is able to relate aloofly to co-workers and to supervisors. Psychologically, he is able to sustain a 40-hour work week but may need transportation to and from work. He is able to adapt to and function in an ordinary work setting on his level of intellectual functioning.
 
 
 7
 The Administrative Law Judge (ALJ) ruled that although Lipford suffered from dizziness, gastritis, cardiovascular hypertension and left knee problems, none of these conditions was severe. The ALJ noted that Dr. Norris was treating these conditions conservatively. As to Lipford's mental retardation claim, the ALJ discounted the low WAIS scores as invalid because Lipford had been uncooperative. The ALJ relied heavily upon Dr. Hiers' conclusions that Lipford's actual intelligence fell in the high range of mental retardation and that Lipford was capable of working forty hours per week. The Secretary allowed the ALJ's decision to become final. After the district court upheld the Secretary's decision, Lipford filed this appeal.
 
 
 8
 This court's review is limited, of course, to whether substantial evidence on the record considered as a whole supports the Secretary's decision. See, e.g., Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. See, e.g., Lashley v. Secretary, Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). The burden of proving eligibility for benefits is upon the claimant. See Halsey v. Richardson, 441 F.2d 1230, 1236 (6th Cir. 1971).
 
 
 9
 Lipford contends that he satisfies either Sec. 12.05(B) or Sec. 12.05(C) of the Listings (mental retardation). 20 C.F.R. Sec. 404, Subpart P, Appendix 1. Under Sec. 12.05(B), a claimant with an I.Q. of 59 or less is disabled. Section 12.00(B)(4) of the Listings indicates that if an intelligence test such as the WAIS provides multiple I.Q. scores, the lowest score must be used in evaluating a claimant's eligibility. Accordingly, Lipford contends that his full scale I.Q. of 52 entitles him to benefits.
 
 
 10
 Dr. Hiers indicated, however, that Lipford's motivation was poor for test validation purposes, that the latter's intelligence level actually was in the high range of mental retardation and that Lipford was capable of working forty hours per week, particularly on jobs involving simple or repititive tasks. Under these circumstances, the Secretary was entitled to discount the WAIS scores as invalid and to conclude that Lipford's I.Q. was above the range prescribed in Sec. 12.05(B) of the Listings.
 
 
 11
 Lipford argues in the alternative that he satisfies Sec. 12.05(C) of the Listings which requires that a claimant with an I.Q. between 60 and 69 must have 'a physical or other mental impairment imposing additional and significant work-related limitation of function.' Lipford contends that his left knee, cardiovascular, stomach and dizziness problems impose additional and significant work-related limitations of function.
 
 
 12
 Even assuming that Dr. Hiers' conclusion that Lipford's intelligence level lies in the high range of mental retardation constitutes a finding that the latter's I.Q. is between 60 and 69, we hold that substantial evidence supports the Secretary's decision that Lipford is not disabled under Sec. 12.05(C). The Secretary held that all of Lipford's physical impairments are not severe. This finding clearly is supported by substantial evidence because the medical records indicate that Lipford's physical problems improved in response to treatment. Since non-severe impairments do 'not significantly limit . . . physical or mental abilities to do basic work activities,' 20 C.F.R. Secs. 404.1521(a) and 416.921, Lipford does not satisfy the requirement of Sec. 12.05(C) that a physical ailment accompanying an I.Q. between 60 and 69 must impose 'additional and significant work-related limitation of function.'
 
 
 13
 The judgment of the district court is AFFIRMED.